# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT LAMBERT,<br><br>    Plaintiff<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>    Defendant | Case No.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT

SCOTT LAMBERT ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and its principal office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Stanley, New York, 14561.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania, 19044.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

PLAINTIFF'S COMPLAINT

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Beginning in December of 2009, Defendant, its agents, employees, and servants, engaged in debt collection activities seeking payment from Plaintiff.

18. On or around December 28, 2009, Plaintiff received a letter from Defendant informing Plaintiff that his "Capital One Bank" account had been turned over to Defendant for collection. A true and correct copy of the December 28, 2009, letter is attached hereto as Exhibit "A".

19. Defendant stated to Plaintiff that, "it is important that you forward payment in full," and to "send payment in full to your creditor at the address listed below." See Exhibit A.

20. Defendant's statement that it was "important" to forward payment and its demands for payment, overshadowed Plaintiff's notice of his rights to dispute the debt and/or request verification of the debt.

21. Also, Defendant, its employees, agents and servants harassed Plaintiff by making continuous calls to his home telephone number.

22. Defendant placed repeated calls to Plaintiff's telephone almost every day, causing Plaintiff to receive, at times, more than two (2) collection calls a day and at times, more than four (4) collection calls a day.

23. Defendant placed repeated calls to Plaintiff's telephone, causing Plaintiff to

receive, at times, more than ten (10) collection calls a week and at times, more than twenty (20) collection calls a month.

24. In addition, Defendant contacted Plaintiff's former in-laws at least five (5) times in its attempts to collect a debt from Plaintiff, which caused Plaintiff aggravation, humiliation and embarrassment.

25. When Plaintiff did speak with Defendant, Defendant and its employees made statements to Plaintiff about "jail time" and "legal recourse" in an effort to cause Plaintiff to make a payment on the alleged debt.

26. Most recently, on February 4, 2010, Defendant contacted Plaintiff four (4) times.

27. When Plaintiff spoke with Defendant, its agent, "Andrea," stated that she was trying to collect a Capital One debt from Plaintiff.

28. "Andrea" went on to state that if Plaintiff did not pay off the debt then he would face legal action.

29. When Plaintiff asked "Andrea" what type of legal action she was referring to, "Andrea" stated that Plaintiff's account would be referred to an attorney for legal action.

30. Plaintiff told "Andrea" to stop calling him and his family members and ended the telephone call.

31. Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

**CONSTRUCTION OF APPLICABLE LAW**

32. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v.

- 5 -

PLAINTIFF'S COMPLAINT

Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

33. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

34. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

PLAINTIFF'S COMPLAINT

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

35. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated of the FDCPA generally;

    b. Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    c. Defendant violated §1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

    d. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    e. Defendant violated §1692e(4) of the FDCPA by representing or implicating that nonpayment of the debt will result in the arrest or imprisonment of any person, when such action was not lawful and Defendant or Capital One did not intend to take such action;

    f. Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken;

    g. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

    h. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

i. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, SCOTT LAMBERT, respectfully pray for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SCOTT LAMBERT, demands a jury trial in this case.

DATED: 1-5-11

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

02/04/2010 23:46 FAX  13152796589          PENN YAN POLICE DEPT                              ☒019/019

PO Box 12100
DEPT 64
Trenton, NJ 08650

# NCO FINANCIAL SYSTEMS INC

||||||||||||||||||||||||||||||||

4740 Baxter Road
Virginia Beach VA 23462

1-888-579-0626
OFFICE HOURS (ALL TIMES EASTERN)
8AM-11PM MON THRU THURSDAY
8AM-9PM FRIDAY
8AM-6PM SATURDAY
10AM-9PM SUNDAY

818255                                                       860-OSJ-1294
SCOTT D LAMBERT
1927 STATE ROUTE 245
STANLEY NY   14561-9409

Dec 28, 2009

Creditor: CAPITAL ONE BANK (USA), N.A.
Account #: 5178057256707774
Total Balance: $ 984.50

The above named creditor has placed this account with our office for collection. It is important that you forward payment in full.

Send payment in full to your creditor at the address listed below. If you need to speak to a representative, contact us at 1-888-579-0626.

You may also make payment by visiting http://www.capitalone.com/solutions.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded for quality assurance.

THIS COLLECTION AGENCY IS LICENSED BY THE
DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW
YORK; LICENSE#0907469
CONTACT ALEX DREW AT NCO FINANCIAL SYSTEMS, INC.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

0000000 0 5178057256707774 00 00000000000000000000

| Total Balance: | $ 984.50 |
|---|---|
| Total enclosed | $ |

Please print address changes below using blue or black ink

| Street | | Apt. # |
|---|---|---|
| City | State | ZIP |
| Home Phone | Alternate Phone | |

|ı|ıll|ıl|ıılıl|ıll|ıılıl|ııllll|ıılıl|ıılıılllıl|ılllıılll|ıılll|

CAPITAL ONE BANK (USA), N.A.
PO Box 71083
Charlotte NC 28272-1083

818255
SCOTT D LAMBERT
1927 STATE ROUTE 245
STANLEY NY   14561-9409

PLAINTIFF'S EXHIBIT A
ALL-STATE LEGAL

NCOP F8
1284